**Rebecca DiLORENZO, Plaintiff,**

v.

**COSTCO WHOLESALE CORPORATION, Defendant.**

No. C06–0727–JCC.

United States District Court, W.D. Washington.

July 9, 2007.

David Carl Cottingham, Bellingham, WA, for Plaintiff.

Adam G. Cuff, Steven H. Winterbauer, Winterbauer & Diamond P.L.L.C., Seattle, WA, Charles A. Valente, Margaret Lavanish, Krasnow Saunders Cornblath, Chicago, IL, for Defendant.

**414**

## ORDER

COUGHENOUR, District Judge.

This matter comes before the Court on Plaintiff's Motion for a Protective Order (Dkt. No. 27). Plaintiff seeks an order quashing the subpoena setting the deposition of her counsel, David C. Cottingham. She also seeks a protective order from the Court preventing that deposition from occurring. Having considered the memoranda, declarations, and exhibits submitted for and against the motion, the Court hereby finds and rules as follows.

### I. Background

This litigation arises from an incident in July of 2004, when Plaintiff attempted to enter the Costco warehouse in Bellingham, Washington, accompanied by her dog. Plaintiff alleges that the dog in question, Dilo, is a service animal "trained to assist her in resisting and responding to the difficulties raised by her conditions," which consist of psychological and physical disabilities arising from military service. (Dkt. No. 23 at 1.) Upon her attempt to enter the store, Plaintiff was questioned about Dilo by Costco employees in a manner that she alleges was harassing, humiliating, and discriminatory. She brings causes of action under the Americans with Disabilities Act, the Washington Law Against Discrimination, state tort law for negligent and intentional infliction of emotional distress, and the Washington Consumer Protection Act.

Plaintiff filed the present motion upon receiving a notice of deposition for her attorney. Defendant's desire to depose Cottingham arose because Cottingham communicated to Defendant's counsel, Charles Valente, his expectation that Plaintiff's husband, Bradley DiLorenzo,[1] would admit in his deposition that on a previous occasion he had entered the Costco with Dilo and claimed that Dilo was *his* service dog when questioned by Costco employees. (Dkt. Nos. 27 at 3–4; 28 at 4, Exh. A.) At his deposition, Mr. DiLorenzo categorically denied ever claiming Dilo as his service dog. (Dkt. No. 28 at 4–5, Exh. C.) Defen-

dant seeks to question Cottingham about his conversations with Mr. DiLorenzo as to Mr. DiLorenzo's visit to Costco with Dilo, what Mr. DiLorenzo told Costco employees, whether Mr. DiLorenzo concealed Dilo, and as to Cottingham's discussion with Valente about the visit. (Dkt. No. 28 at 7.)

### II. Analysis

Plaintiff seeks an order under Rules 26(c) and 45(c)(3) quashing the deposition subpoena and protecting Cottingham from deposition. In general, discovery may be obtained of "any matter not privileged, that is relevant to the claim or defense of any party." Fed. R.Civ.P. 26(b)(1). Rule 45(c)(3)(A)(iii) specifically provides that a Court must quash a subpoena that requires the disclosure of privileged or other protected materials when no exception to the privilege or waiver applies. Plaintiff argues that the subpoena should be quashed pursuant to Rule 45 because it seeks to reach the mental impressions of her counsel.

The Rules permit discovery by deposition of "any person," and do not specifically exempt attorneys. Fed.R.Civ.P. 30(a)(1). Nonetheless, courts disparage the practice of deposing an attorney in a matter in which he is acting as counsel.

> Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation. It is not hard to imagine additional pretrial delays to resolve work-product and attorney-client objections, as well as delays to resolve collateral issues raised by the attorney's testimony. Finally, the practice of deposing opposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent. Moreover, the "chilling effect" that such practice will have on the truthful communications from the client to the attorney is obvious.

---

1. Mr. DiLorenzo is not a party to this action.

*Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir.1986).

 District courts in this circuit have uniformly followed the Eighth Circuit when analyzing whether to permit the deposition of counsel. *Id.; Lloyd Lifestyle Ltd. v. Soaring Helmet Corp.*, C06–0349C, 2006 WL 753243, *1–2, 2006 U.S. Dist. LEXIS 16539, *4 (W.D.Wash. Mar. 23, 2006); *see also Christensen Shipyards. Ltd. v. St. Paul Fire & Marine Ins. Co.*, 06–0641C (W.D.Wash. May 18, 2007), *FMC Techs., Inc. v. Edwards*, C05–0946C, 2007 WL 836709, *2–3, 2007 U.S. Dist. LEXIS 18328, *7–8 (W.D.Wash. Mar. 15, 2007). The three-part test set out in *Shelton* places the burden on the party seeking the deposition to show that (1) no other means exist to obtain the information than to depose opposing counsel, (2) the information sought is relevant and nonprivileged, and (3) the information is crucial to the preparation of the case. *Shelton*, 805 F.2d at 1327.

 The Court is satisfied that Defendant has met that burden here. While Costco employees can testify to their encounters with Mr. DiLorenzo, deposing Cottingham provides the only avenue to obtain evidence that Mr. DiLorenzo admitted to falsely claiming that Dilo was his service dog. This evidence is clearly relevant, since it provides support for Defendant's argument that their questioning of Plaintiff was reasonable given a history of inconsistent claims as to Dilo's purpose. It also provides strong grounds to impeach the credibility of Mr. DiLorenzo. The testimony sought from Cottingham is not privileged since he is not counsel for Mr. DiLorenzo. Nor does the information sought risk revealing the mental processes of Plaintiff's counsel. Indeed, Cottingham himself did not seem to believe that he was revealing anything improper when he made the disclosures to Valente that instigated Defendant's request to depose him. Finally, considering the importance to the Defendant of being able to show that its inquiries of Plaintiff were reasonable, Cottingham's testimony can properly be characterized as crucial. Having found that Defendant can show all three prongs of the *Shelton* test, the Court hereby DENIES Plaintiff's motion.

## III. Conclusion

The Court DENIES Plaintiff's motion to quash. The deposition of Cottingham will be permitted to proceed; however, it will be limited to the subjects of Cottingham's conversations with Mr. DiLorenzo as to Mr. DiLorenzo's visit to Costco with Dilo, what Mr. DiLorenzo told Costco employees, whether Mr. DiLorenzo concealed Dilo, and Cottingham's discussion with Valente about the visit.